UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| FREDDIE FERNANDO WORTHAM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>J. WALDURA, MD, *et al.*,<br><br>Defendants. | Case No. 20-cv-05394-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 5 |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* and he has consented to the jurisdiction of a Magistrate Judge.

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of the nature of the claim is and the grounds upon which it

rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [instead, the] [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint, therefore, must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that he received inadequate medical care at Santa Rita Jail.

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, the defendant's conduct must be objectively

unreasonable – "a test that will necessarily 'turn[] on the facts and circumstances of each particular care.'" *Id*. (citation omitted). The four-part test described in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard. *Id*.

In a § 1983 or a *Bivens* action – where employers and supervisors are not made to automatically answer for the torts of their employees and subordinates – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding under *Twombly*, 550 U.S. at 544, and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

Plaintiff states that he arrived at Santa Rita Jail and spoke with an intake nurse. He

informed the nurse that he was not allergic to any medication but was allergic to shellfish. He was given either a multivitamin or an aspirin and the following day he had swelling in his face and neck. He was then seen by medical staff who gave him an injection. The following day, the swelling had still not subsided, so he was taken to an outside hospital where he was treated and then released when the swelling dissipated. Plaintiff alleges that the nurse who gave him the pill and various other medical personnel and guards violated his Fourteenth Amendment rights due to the allergic reaction. It appears that Plaintiff is also allergic to Lisinopril and he argues that Defendants should have informed him of the risks of taking the pill due to adverse effects for African Americans and those who are diabetic with high blood pressure.

The complaint is dismissed with leave to amend to provide more detailed information. To state a Fourteenth Amendment claim plaintiff must demonstrate that Defendants' actions were more than merely negligent and were objectively unreasonable. In this case, Plaintiff informed the Defendant nurse that he did not have an allergy to any medications. In addition, Plaintiff must present additional allegations showing how the other Defendants were involved and how each of their actions violated his constitutional rights. Merely because a Defendant happens to be a supervisor, or when a Defendant had some minimal involvement with this incident, is insufficient to state a claim under the standards described above.

Further, in filing his Complaint in this case, Plaintiff appears to have indicated there was an additional Plaintiff by listing himself as well as Josh Blake in Block II(A), where the principal Plaintiff and any additional plaintiffs are to be identified. *See* Compl. (dkt. 1) at 2. However, this appears to be a mistake as elsewhere in the Complaint Josh Blake is identified as a witness. *See id*. at 11. In any event, Plaintiff must clarify whether there are indeed two plaintiffs in this case, or if this was in fact a mistake and this person is a merely witness and not a party. In the event that Josh Blake is to be an additional plaintiff in this case, the court notes that under the Federal Rules of Civil Procedure, each plaintiff must sign every filing made in the case on behalf of the group. The failure of any plaintiff to sign a particular pleading could be prejudicial to that person and possibly subject his or her claims to dismissal.

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to

4

counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*, as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, the court finds that Plaintiff has presented his claims adequately, and the issues are not complex.

## CONCLUSION

1. Plaintiff's motion to appoint counsel (Docket No. 5) is **DENIED**.

2. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order, and it must be entitled with the words, "AMENDED COMPLAINT," on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this case.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk entitled, "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

//

**IT IS SO ORDERED.**

Dated: September 21, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge