1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    FREDDIE FERNANDO WORTHAM, et        Case No.  20-cv-05394-RMI
     al.,
8                 Plaintiffs,            ORDER OF DISMISSAL WITH LEAVE
9                                        TO AMEND
            v.
10
     J. WALDURA, MD, et al.,
11
                  Defendants.
12

13          Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The

14   original complaint (dkt. 1) was dismissed with leave to amend and Plaintiff has filed an amended

15   complaint (dkt. 11).

16                                      **DISCUSSION**

17          **Standard of Review**

18          Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

20   1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

21   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22   monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). *Pro se*

23   pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24   Cir. 1990).

25          Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the

26   claim showing that the pleader is entitled to relief. Detailed facts are not necessary; the statement

27   need only give a defendant fair notice of the nature of the claim and the grounds upon which it

28

United States District Court
Northern District of California

rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [instead, the] [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint, therefore, must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that he received inadequate medical care at Santa Rita Jail. A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, a defendant's conduct must be objectively

1  unreasonable – "a test that will necessarily 'turn[] on the facts and circumstances of each

2  particular case.'" *Id*. (citation omitted). The four-part test described in *Gordon* requires plaintiffs

3  to prove more than negligence, but less than subjective intent – something akin to reckless

4  disregard. *Id*.

5      In a § 1983 or a *Bivens* action – where employers and supervisors are not made to

6  automatically answer for the torts of their employees and subordinates – the term 'supervisory

7  liability' is a misnomer. Absent vicarious liability, each government official, his or her title

8  notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding

9  under *Twombly*, 550 U.S. at 544, and Rule 8 of the Federal Rules of Civil Procedure, that

10  complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that

11  top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of

12  high interest' because of their race, religion, or national origin" over more likely and non-

13  discriminatory explanations).

14      A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in

15  the constitutional deprivation or (2) a sufficient causal connection between the supervisor's

16  wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04

17  (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly

18  unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own

19  culpable action or inaction in the training, supervision, or control of his subordinates; for his

20  acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous

21  indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation

22  omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable

23  actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional

24  conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v.*

25  *Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that

26  conclusory allegations that supervisor promulgated unconstitutional procedures which authorized

27  unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

28

United States District Court
Northern District of California

In the original complaint, Plaintiff stated that he arrived at Santa Rita Jail and spoke with an intake nurse. He informed the nurse that he was not allergic to any medication but was allergic to shellfish. He was given either a multivitamin or an aspirin and the following day he had swelling in his face and neck. He was then seen by medical staff who gave him an injection. The next day, the swelling had still not subsided, so he was taken to an outside hospital where he was treated and then released when the swelling dissipated. Plaintiff alleges that the nurse who gave him the pill, as well as various other medical personnel and guards, violated his Fourteenth Amendment rights due to the allergic reaction he reportedly suffered. It appears that Plaintiff is also allergic to Lisinopril and he argues that Defendants should have informed him of the risks of taking the pill due to adverse effects for African Americans and those who are diabetic and suffer from high blood pressure.

The original complaint was dismissed with leave to amend to provide more detailed information. Plaintiff has refiled the original complaint and separately noted that he never told the intake nurse that he was not allergic to medication. However, Plaintiff has failed to address the other deficiencies previously noted by the court. The amended complaint is therefore dismissed with leave to amend such that Plaintiff can address those deficiencies.

Plaintiff is again reminded that to state a cognizable Fourteenth Amendment claim in this context, a plaintiff must demonstrate that the Defendants' actions were more than merely negligent – he must demonstrate that they were objectively unreasonable. In this case, Plaintiff must show how Defendants should have known that he had an allergy, as it appears that even Plaintiff was unaware. In addition, Plaintiff must present additional allegations showing how the other Defendants were involved and how each of their actions violated his constitutional rights. Merely because a Defendant happens to be a supervisor, or when a Defendant had some minimal involvement with this incident, is insufficient to state a claim under the standards described above. Plaintiff must file an entirely new complaint containing all his allegations in light of the standards and directions provided herein.

//

//

United States District Court
Northern District of California

**CONCLUSION**

It is hereby **ORDERED** that:

1.  The Clerk of Court shall remove the second plaintiff, Josh Blake, from the docket of this case as Plaintiff states that the name was mistakenly added to the caption of his complaint.

2.  The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order. Plaintiff's amended pleading must be entitled with the words, "SECOND AMENDED COMPLAINT," on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this case.

3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk entitled, "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 16, 2020

ROBERT M. ILLMAN
United States Magistrate Judge